UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-80003-CIV-MARRA

ELTON CORREA, and others
similarly situated,

    Plaintiff,

vs.

GELHOMECARE, INC.,
a Florida corporation,
GRETEL M. LEWIS, individually,
and BALFORD E. LEWIS,
individually,

    Defendants.
_____/

## ORDER AND OPINION DENYING MOTION TO DISMISS

THIS CAUSE is before the Court upon the Defendants' Motion to Dismiss, or Alternatively, For More Definite Statement [DE 7]. The Court has carefully considered the motion and response, and is otherwise fully advised in the premises. No reply was submitted.

## Background

Elton Correa ("Plaintiff" or "Correa") filed this action seeking unpaid minimum wages (Count I), unpaid wages (Count II), recovery of overtime compensation (Count III), and declaratory relief (Count IV). Plaintiff worked for Gelhomecare, Inc. ("Gelhomecare"), and Gretel M. Lewis, and Balford E. Lewis, who owned and operated Gelhomecare (collectively, "Defendants"). Compl. ¶ 3. Correa became employed with Defendants on or about October 9, 2010, as a "Home Health

Aide." *Id.* The Complaint offers no description of Plaintiff's job duties or responsibilities as a Home Health Aide. Plaintiff seeks redress under the Fair Labor Standards Act, 29 U.S.C. §§ 201- 219; Florida Statute § 448; and the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202. Defendants move to dismiss the Complaint arguing that it sets forth no facts demonstrating entitlement to relief.

## Discussion

The purpose of a motion filed pursuant to Fed. R. Civ. P. 12(b) (6) is to test the facial sufficiency of a complaint. The rule permits dismissal of a complaint that fails to state a claim upon which relief can be granted. It should be read alongside Fed. R. Civ. P. 8(a)(2), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Pursuant to *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), to survive a 12(b)(6) motion to dismiss, a complaint must contain factual allegations that are "enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true." Although a complaint challenged by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff is still obligated to provide the "grounds" for his entitlement to relief, and "a formulaic recitation of the elements of a cause of action will not do." *In re Chiquita Brands Intern., Inc. Alien Tort Statute and Shareholder Derivative Litigation*, – F. Supp. 2d –, 2011 WL 2163973, *6 (S.D. Fla. 2011) (quoting *Twombley*, 550 U.S at 555).

Taking the facts as true, a court may grant a motion to dismiss only if no construction of the factual allegations will support the cause of action. *Marshall Cty. Bd. of Educ. v. Marshall Cty. Gas Dist.*, 992 F.2d 1171, 1174 (11th Cir. 1993). A well-pled complaint will survive a motion to dismiss "even if it strikes a savvy judge that actual proof of these facts is improbable, and 'that a recovery is very remote and unlikely.'" *Twombley*, 550 U.S at 556 (internal citation omitted).

**Fair Labor Standards Act Claims**

Plaintiff seeks relief under the Fair Labor Standards Act ("FLSA" or the "Act") for unpaid minimum wages and overtime wages. Congress enacted the FLSA "in order to eliminate 'labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers.'" *Antenor v. D & S Farms*, 88 F.3d 925, 929 (11th Cir. 1996) (quoting 29 U.S.C. §§ 202(a) & (b)). To those ends, 29 U.S.C. § 207 requires that employers pay each of his employees a minimum wage and pay time and a half for those hours that an employee works in excess of the standard forty hour work week. 29 U.S.C. §§ 206(a)(1), 207(a)(1).

Section 213, however, lists a host of exemptions to the FLSA's minimum wage and maximum hour requirements. *See* 29 U.S.C. § 213(b)(1)-(30). One such exemption is for employees in domestic service who "provide companionship services

for individuals who (because of age or infirmity) are unable to care for themselves."[1]

29 U.S.C. § 213(1)(15); *Buckner v. Florida Habilitation Network, Inc.*, 489 F.3d 1151, 1153 (11th Cir. 2007).  While Plaintiff alleges that he qualifies under the FLSA as a Home Health Aide, he offers no description of his job duties or responsibilities.  Defendants assert that such an explanation or averment is necessary in light of the exemptions to the FLSA minimum wage and overtime requirements pertaining to domestic service employees who provide companionship services.  Alternatively, Defendants argue that the title Home Health Aide is so vague and ambiguous that they cannot adequately prepare a response to the Complaint and that a more definite statement is required.

Generally, "the application of an exemption under the Fair Labor Standards Act is a matter of affirmative defense on which the employer has the burden of

---

[1] Interpreting this exemption, the Department of Labor defined companionship services as:

> those services which provide fellowship, care, and protection for a person who, because of advanced age or physical or mental infirmity, cannot care for his or her own needs.  Such services may include household work related to the care of the aged or infirm person such as meal preparation, bed making, washing of clothes, and other similar services.  They may also include the performance of general household work: Provided, however, that such work is incidental, *i.e.*, does not exceed 20 percent of the total weekly hours worked.

C.F.R § 552.6.  This exemption applies only where employees provide fellowship, care and certain daily maintenance services for the aged or infirm with only an incidental benefit to the household, *i.e.*, not more than 20% of work may be allocated to the general household.

proof." *Corning Glass Works v. Brennan*, 417 U.S. 188, 196-197 (1974).  The Eleventh Circuit instructs that FLSA exemptions are to be narrowly construed against the employer and that the employer has the burden to show that an exemption applies.  *Abel v. Southern Shuttle Services, Inc.*, 631 F.3d 1210, 1212 (11th Cir. 2011) citing *Walters v. Am. Coach Lines of Miami, Inc.*, 575 F.3d 1221, 1226 (11th Cir. 2009), *cert. denied*, -- U.S. --, 130 S.Ct. 2343 (2010); *see also Rock v. Ray Anthony Intern., LLC*, 380 Fed. Appx. 875, 877 (11th Cir. 2010); *Alvarez Perez v. Sanford-Orlando Kennel Club, Inc.*, 515 F.3d 1150, 1156 (11th Cir. 2008); *Evans v. McClain of Ga., Inc.*, 131 F.3d 957, 965 (11th Cir. 1997).

In this case, Correa has alleged, among other things, that he is covered under the Act, that Defendants did not compensate him at a rate equal to the federal minimum wage requirement for work performed, and that no provision was made by Defendants to properly pay him for hours worked in excess of 40 hours within a work week.  Compl. ¶¶ 4, 14, 19.  Plaintiff has sufficiently put Defendants on notice of his claims of unpaid minimum and overtime wages.  It is up to Defendants to raise and establish the affirmative defense of exemption.  A plaintiff is not required to negate an affirmative defense in his complaint.  *La Grasta v. First Union Securities, Inc.*, 358 F.3d 840, 845 (11th Cir. 2004).   As for Defendants' purported confusion regarding the "vague and ambiguous" title "Home Health Aide," Defendants, being the employer, are in just as good a position as Plaintiff to know what Plaintiff's  job duties and responsibilities were.  Moreover, to the extent Defendants do not presently have this

information, they can obtain it through discovery.  Accordingly, it is hereby

ORDERED AND ADJUDGED that Defendants' Motion to Dismiss, or Alternatively, For More Definite Statement [DE 7] is DENIED in its entirety.

DONE AND ORDERED in Chambers at West Palm Beach, Palm Beach County, Florida, this 4th day of August, 2011.

                                                KENNETH A. MARRA
                                                United States District Judge

copies to:
All counsel of record